## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

THE SCOTCH WHISKY
ASSOCIATION,

        Plaintiff,

v.

THE VIRGINIA DISTILLERY
COMPANY, LLC,

        Defendant.

)
)
)
)
)
)
)
)
)
)
)

Civil Action No. _____

## COMPLAINT

Plaintiff The Scotch Whisky Association ("Plaintiff" or the "Association"), by and through its undersigned counsel, respectfully submits this Complaint against Defendant, The Virginia Distillery Company, LLC ("Defendant" or "Virginia Distillery"), and states its claims as follows:

## NATURE OF THE CASE

1.  This is an action for injunctive relief arising out of false, misleading, and deceptive labelling of whisky advertised and sold by Virginia Distillery under the brand name "Virginia-Highland Whisky".  Defendant's prominent use of the term "Highland" and its spelling of "Whisky", among other things, falsely indicates to the public that Defendant's product is Scotch Whisky when it is not, and/or that it is whisky that originates in Scotland, which it does not.  While the Association respects the rights of independent distillers, it has an obligation to protect the unique geographic identity of whisky produced in Scotland, namely

Scotch Whisky, and the industry that produces it from damage, and to protect the public from the confusion or deception that is likely to be caused by Defendant's false and misleading labelling.

## THE PARTIES

2.     The Scotch Whisky Association is incorporated under the United Kingdom Companies Acts, limited by guarantee, with a principal place of business at Quartermile Two, Two Lister Square, Edinburgh, Scotland, United Kingdom, EH39GL.

3.     Upon information and belief, Virginia Distillery is a Delaware limited liability company with a principal place of business at 299 Eades Lane, Lovingston, Virginia, 22949.

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over this action pursuant to, inter alia, 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367, in that this is a false advertising and unfair competition dispute that arises under the federal Lanham Act, 15 U.S.C. § 1051 *et seq*.

1.     This Court has personal jurisdiction over Virginia Distillery because, upon information and belief, Virginia Distillery is a limited liability company organized and existing under the laws of Delaware and registered to conduct business with the State of Delaware.  On information and belief, Virginia Distillery

maintains as a registered agent Capitol Services, Inc. located at 1675 S State Street Suite B, Dover, Delaware 19901.

2.      Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Virginia Distillery is physically located in this judicial district and upon information and belief, promotes, advertises, offers for sale, sells and distributes whisky under the brand name "Virginia-Highland Whisky" in this judicial district.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

### The Scotch Whisky Association

3.      The Association is the trade association for the Scotch Whisky industry.  One of its principal activities is to safeguard the Scotch Whisky trade generally, both in the United Kingdom and throughout the world.  Currently, the Association is comprised of seventy-one members, including distillers, blenders and brand owners of Scotch Whisky.  These members produce more than 90% of the Scotch Whisky sold worldwide, and include such internationally well-known brands as JOHNNIE WALKER, HIGHLAND PARK, WHITE HORSE, VAT 69, 100 PIPERS, DEWAR'S, BALLANTINE'S, CHIVAS REGAL, FAMOUS GROUSE, GLENFIDDICH, THE MACALLAN, and J&B.  Moreover, many of the Association's members market and sell Scotch Whisky in the United States.

4.      As Scotch Whisky enjoys a substantial prestige and salability, the Association aims to maintain the status of Scotch Whisky as a geographically

distinct and quality product throughout the world, including in the United States. As part of its protection work, the Association monitors trademark applications and label usage worldwide, with a view to preventing the use of potentially misleading marks and labels and to make certain that those marks and labels that are evocative of Scotland are not used on any whisky other than Scotch Whisky.

5.      Scotch Whisky is a defined and regulated product under the laws of the United States and United Kingdom.  "Scotch Whisky" is whisky which has been wholly produced in Scotland in accordance with the Scotch Whisky Regulations of 2009 and the Scotch Whisky Technical File.  The United States Department of Treasury regulations further define Scotch Whisky as a distinctive product of Scotland that is manufactured in compliance with the laws of the United Kingdom.  *See* 27 CFR 5.22(b)(7).

6.      Under these well-established rules and regulations:

"Scotch Whisky" means a whisky produced in Scotland —

(a) that has been distilled at a distillery in Scotland from water and malted barley (to which only whole grains of other cereals may be added) all of which have been (i) processed at that distillery into a mash; (ii) converted at that distillery into a fermentable substrate only by endogenous enzyme systems; and (iii) fermented at that distillery only by the addition of yeast;

(b) that has been distilled at an alcoholic strength by volume of less than 94.8 per cent so that the distillate has an aroma and taste derived from the raw materials used in, and the method of, its production;

(c) that has been matured only in oak casks of a capacity not exceeding 700 litres;

(d) that has been matured only in Scotland;

(e) that has been matured for a period of not less than three years;

(f) that has been matured only in an excise warehouse or a permitted place;

(g) that retains the colour, aroma and taste derived from the raw materials used in, and the method of, its production and maturation;

(h) to which no substance has been added, or to which no substance has been added except (i) water; (ii) plain caramel colouring; or (iii) water and plain caramel colouring; and

(i) that has a minimum alcoholic strength by volume of 40%.

*See* The Scotch Whisky Regulations 2009 § 3(1).

7.      Further, "Highland" is one of five protected localities and regions of Scotch Whisky production.   Accordingly, United States Federal regulations specifically forbid the use of words commonly associated with Scotland to designate any product not wholly produced in Scotland.   More specifically the Code of Federal Regulations provide that "the words "Scotch", "Scots", "Highland" or "Highlands" and similar words connoting, indicating or commonly associated with Scotland, shall not be used to designate any product not wholly produced in Scotland."   27 CFR 5.22(k).

**Defendant's Virginia-Highland Whisky**

8.      On information and belief, Virginia Distillery is an American Single Malt Whisky distillery located in Lovingston, Virginia.   Virginia Distillery

produces and sells a "whisky series" called "Virginia-Highland Whisky", which it describes as "Whisky from Scotland married with Virginia Whisky distilled from malt mash".   On information and belief, this "whisky series" is a product comprised of unknown percentages of various whiskies that are mixed together with the resulting product further aged in Virginia for a period of up to one year.

9.      On information and belief, the products sold under the "Virginia Highland whisky series" include, but are not limited to, the following: (1) Brewers Batch Virginia-Highland Whisky; (2) Cider Cask Finished Virginia-Highland Whisky; (3) Chardonnay Cask Finished Virginia-Highland Whisky; (4) Port Cask Finished Virginia-Highland Whisky; (5) Scotch Trooper Cask; and (6) Rum Cask Finished Virginia Highland Whisky (collectively the "Virginia-Highland Products").

10.     Images of some of the Virginia-Highland Products are set forth below:



11.    Further, and on information and belief, Virginia Distillery has created a specialty product called "Scotch Trooper Cask" which includes the following image on the side label:



12.    On information and belief, Scotch Trooper is the name of a Scotch Whisky blogger who combines his love of Star Wars and Scotch Whisky.  Further, and on information and belief, Virginia Distillery has collaborated with Scotch Trooper to create and sell "Scotch Trooper Cask", a mixture of American whiskey and purported Scotch Whisky which product is further matured in the United States.  This collaboration further reflects Virginia Distillery's intention to create a false association between its  Products and Scotch Whisky.

13.    On information and belief, Virginia Distillery sells the Virginia-Highland  Products  across  the  United  States  via  its  website (https://www.vadistillery.com) and through third-party retailers.

14.    Despite the fact that United States regulations preclude the use of the word "Highland" or "Scotch" on a whisky that is not wholly produced in Scotland, and that Scotch Whisky must be made entirely in Scotland, Virginia Distillery's

labelling uses the words "Highland" and "Scotch" prominently to evoke an improper association with Scotland in order to more effectively promote and sell its products.    Indeed, Defendant's labelling of its products intentionally misidentifies the true geographic origin of its products in an effort to trade on the good will and prestige associated with Scotch Whisky.

## <u>COUNT I</u>
### Federal False Advertising, 15 U.S.C. § 1125(a)(1)(B)

15.    The Association incorporates the allegations in paragraphs 1 through 14 as if fully set forth herein.

16.    Defendant's commercial advertising and promotion of its non-Scotch Whisky products under the brand name "Virginia-Highland Whisky" constitutes a false or misleading statement of fact that misrepresents the nature, characteristics, qualities or origin of Defendant's goods.

17.    Defendants' actions constitute false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

18.    Defendant's actions have caused, and will continue to cause, irreparable harm to the Association and to the Scotch Whisky industry.  Such harm will continue unless Defendant is preliminarily and permanently enjoined.

## COUNT II
### Federal Unfair Competition, 15 U.S.C. § 1125(a)(1)(A)

19.     The Association incorporates the allegations in paragraphs 1 through 18 as if fully set forth herein.

20.     Defendant's promotion, advertising, distribution, sale and/or offer for sale of its Virginia-Highland Products, and in particular, its repeated use of "Highland" constitutes a false designation of origin or a false or misleading description of fact which is  likely to confuse, mislead, or deceive as to the origin, source, sponsorship, or affiliation of Defendant's goods, and is  likely to cause the public  to mistakenly  believe  that Defendant's Virginia-Highland Products are Scotch Whisky or originate in Scotland or with members of the Association.

21.     Defendants' actions constitute unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

22.     Defendant's actions have caused, and will continue to cause, irreparable harm and damage to the Association and to the Scotch Whisky industry.   Such harm will continue unless Defendant is preliminarily and permanently enjoined.

## COUNT III
### Deceptive Trade Practices, 6 Del. C. § § 2531 *et seq.*

23.     The Association incorporates the allegations in paragraphs 1 through 22 as if fully set forth herein.

24.     Virginia Distillery's activities as described above constitute deceptive trade practices by:

      a.  Passing off goods or services as those of another in violation of 6 Del. C. § 2532(a)(1);

      b.  Causing a likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods or services in violation of 6 Del. C. § 2532(a)(2);

      c.  Causing a likelihood of confusion or of misunderstanding as to affiliation, connection, or association with, or certification by, another in violation of 6 Del. C. § 2532(a)(3);

      d.  Using deceptive representations or designations of geographic origin in connection with goods or services in violation of 6 Del. C. § 2532(a)(4); and

      e.  Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities that they do not have, or that a person has a sponsorship, approval, status, affiliation, or connection that the person does not have in violation of 6 Del. C. § 2532(a)(5).

25.     Virginia Distillery's acts have caused irreparable injury and damage to the Association for which the Association has no adequate remedy at law.

## COUNT IV
### Common Law Unfair Competition

26.     The Association incorporates the allegations in paragraphs 1 through 25 as if fully set forth herein.

27.     Virginia Distillery's conduct as described above constitutes unfair competition in violation of the common law of the State of Delaware.

## PRAYER FOR RELIEF

WHEREFORE, the Association respectfully requests judgment against Virginia Distillery as follows:

A.     Permanently enjoining and restraining Virginia Distillery and its respective officers, directors, principals, partners, agents, servants, employees and attorneys, and those persons in active concert or participation with Virginia Distillery, from using the words "Scotch" or "Highland" on or in connection with a whisky product unless that product's sole alcoholic constituent is Scotch Whisky;

B.     Directing Virginia Distillery to recall, at its own expense, all non-Scotch Whisky products which have been manufactured, distributed, sold or shipped that bear or incorporate the word "Scotch" or "Highland" on their labeling;

C.     Directing such other relief as the Court may deem appropriate to prevent the trade and public from forming any erroneous impression that any product manufactured sold or otherwise distributed or promoted by Virginia Distillery is a Scotch Whisky product.

D.     Awarding the Association its fees, costs and such further relief as this

Court deems just and proper.

July 8, 2019                                    Respectfully submitted,

OF COUNSEL:                                    */s/ Benjamin P. Chapple*
                                               Benjamin P. Chapple (No. 5871)
                                               REED SMITH LLP
Jillian L. Burstein                            1201 N. Market Street, Suite 1500
Joshua W. Newman                               Wilmington, DE 19801
Robert E. Browne                               (302) 778-7500
REED SMITH LLP                                 bchapple@reedsmith.com
10 South Wacker Drive
Chicago, IL 60606                              *Counsel for The Scotch Whisky*
(312) 207-1000                                 *Association*
jburstein@reedsmith.com
jnewman@reedsmith.com
rbrowne@reedsmith.com